UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHERIE ANN EDWARDS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DANI WALTHALL, et al,<br><br>    Defendants. | Case No: C 09-1400 SBA<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Docket 11, 14 |

Plaintiff *in propria persona*, Cherie Ann Edwards ("Plaintiff" or "Edwards"), brings the instant action pursuant to 42 U.S.C. § 1983. The parties are presently before the Court on Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having read and considered the papers submitted, and being fully informed, the Court GRANTS Defendants' motion to dismiss for failure to state a claim upon which relief may be granted. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.  **BACKGROUND**

On December 22, 2008, attorney Robert A. Zigler ("Zigler"), as counsel representing Dani Walthall ("Walthall"), filed a quiet title action against Edwards in Humboldt County Superior Court. (Defs.' Request for Judicial Notice, Ex. A.)[1] In her complaint, Walthall alleges that in 1995, she granted her neighbor Edwards consent to install a water pipeline and to take water from her property. (Id. ¶ 2.) At some point, Edwards, without permission, allegedly leveled a portion of Walthall's land and installed a water tank on her property. (Id. ¶¶ 5-6.) As a result, Walthall

---

[1] The Court may consider matters of which it may properly take judicial notice without converting the motion to dismiss to one for summary judgment. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988) (court records).

withdrew her consent to take to water from her property, demanded that Edwards remove the water tank and sued Edwards.  (Id. ¶ 10.)

On March 31, 2009, Edwards filed the instant action against Walthall, her attorney Zigler, and Walthall's property "*in rem.*" (Compl. ¶¶ 3-5.)  Edwards avers that Defendants' act of filing the state court quiet title action and related conduct are "false" and "malicious."  (Id. ¶¶ 22-24.)  Her Complaint alleges a single federal claim against Zigler under 42 U.S.C. § 1983, which asserts that he "acted under color of law to deprive plaintiff of certain constitutionally protected rights."  (Id. ¶ 35.)  Edwards' remaining state law claims, which are alleged against Defendants generally, are as follows:  (1) violation of California Civil Code section 52.1; (2) assault and battery; (3) intentional infliction of emotional distress; (4) "forceable detainer" (sic); (5) defamation; and (6) negligence.  Defendants have filed a motion to dismiss the Complaint, to which Plaintiff has filed an untimely opposition.[2]

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).   In addition, courts must liberally construe pro se pleadings.  Boag v. MacDougall, 454 U.S. 364, 365 (1982); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Nevertheless, the Court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, --- S.Ct. ---, 2009 WL 1361536 at *13 (May 18, 2009).  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

---

[2] Plaintiff's accompanying Request for Oral Testimony under Rule 43 is misplaced, as that Rule applies to testimony at *trial*.

### III.   DISCUSSION

In order to prevail under 42 U.S.C. § 1983, a plaintiff must show (1) that Defendants deprived her of a right secured by the Constitution or laws of the United States and (2) that, in doing so, Defendants acted under color of state law.  See Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  A private individual does not act under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not within the ambit of section 1983.  See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (stating that section 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975).  Stated another way, there is no right to be free from the infliction of constitutional deprivations by private individuals.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Here, Plaintiff alleges that Zigler was acting under color of state law because, as an attorney, he is an officer of the court.  (Compl. ¶ 4.)  However, it is well settled that attorneys in private practice are private individuals and are *not* state actors.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996); Polk County v. Dodson, 454 U.S. 312, 319 n. 9, 325 (1981).  Zigler's alleged conduct consists of nothing more than actions taken in his capacity as legal counsel for Walthall, which are not actionable under section 1983.[3]  Since no amendment can cure that fundamental flaw, the Court dismisses Plaintiff's first claim under section 1983 without leave to amend.  See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995) (leave to amend unnecessary where amendment would be futile).

With regard to Plaintiff's remaining state law claims, the Court dismisses them as well.  "The district court may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if ... the district court has dismissed all claims over which it has original jurisdiction."

---

[3] The Court also notes that Zigler's acts of filing suit and his alleged litigation-related conduct are protected activities under the Noerr-Pennington doctrine.  See White v. Lee, 227 F.3d 1214, 1231 (9th Cir. 2000).

Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).[4]  "A district court's decision whether to exercise that jurisdiction [under section 1367(a)] after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Technology, Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866 (2009).  Here, the sole basis of federal jurisdiction is Plaintiff's section 1983 claim against attorney Zigler, which the Court has dismissed with prejudice.  Given the early stage of these proceedings and the predominance of state law claims, the Court exercises its discretion and declines to assert supplemental jurisdiction over them.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Docket 11) is GRANTED.  Plaintiff's section 1983 claim is DISMISSED WITH PREJUDICE.  The Court DISMISSES Plaintiff's remaining state law causes of action without prejudice to alleging them in an appropriate state court.  The Clerk shall close the file and terminate all pending deadlines.

IT IS SO ORDERED.


Dated:  May 27, 2009                           _____
                                               Hon. Saundra Brown Armstrong
                                               United States District Judge

---

[4] Defendants incorrectly argue that Plaintiff's state law claims are subject to dismissal under Rule 12(b)(1).  The issue is not whether the court lacks jurisdiction over the state law claims, but rather, whether the Court *should*, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over them.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHERIE A. EDWARDS,

       Plaintiff,

  v.

DANI WALTHALL et al,

       Defendant.
                                       /

Case Number: CV09-01400 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 28, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cherie Ann Edwards
P.O. Box 772
Redway, CA 95560

Dated: May 28, 2009
                                      Richard W. Wieking, Clerk
                                                                                            By:
                                      LISA R CLARK, Deputy Clerk